Dear Ms. Arceneaux:
This office is in receipt of your opinion request dated August 8, 1996, in which you present issues relative to information received by the State Bond Commission from hospital service districts. Specifically, you ask:
 (1) How should information be determined to constitute part of a hospital service district's "strategic plan" or "marketing strategy" and therefore be rendered confidential and not a public record?
 (2) If such information is part of a "strategic plan" or "marketing strategy", how can it be considered by the State Bond Commission while maintaining its confidentiality?
LSA-R.S. 46:1073 provides for the confidentiality of marketing strategies and strategic plans for hospital service districts and states:
 A. In addition to powers and duties otherwise provided and notwithstanding any law to the contrary, a hospital service district may develop marketing strategies for its existing hospital health services or any hospital health service to be provided in the future and may develop strategic plans for the development of any future hospital health service or facility.
 B. Notwithstanding the provisions of R.S. 42:4.1
et. seq. or any other law to the contrary, a hospital service district commission may hold an executive session for the discussion and development of marketing strategies and strategic plans.
 C. Notwithstanding the provisions of R.S. 44:1 et seq. or any other law to the contrary, any marketing strategy and strategic plan of a hospital service district commission and the facility owned or operated by the district shall not be public record and shall be confidential but shall be subject to court subpoena.
Subsection (C) of this provision provides an exemption from the public records laws for any marketing strategy or strategic plan of a hospital service district. As it is the hospital service district that has the authority to develop these plans and strategies, it logically follows that they would be the proper entities with authority to decide what would be confidential and, therefore, not a public record.
This interpretation is supported by the legislative findings and purpose behind LSA-R.S. 46:1071-1076, as summarized in LSA-R.S.46:1071:
 The legislature hereby finds that the market for hospital and health care services is becoming increasingly competitive. The legislature finds that the hospital and other health care providers are contracting to engage in economic joint ventures or form partnerships to offer integrated health care services to the public. The legislature finds that this increasing competition is forcing hospitals and other health care providers to develop market strategies and strategic plans to effectively compete. The legislature further finds that hospital service districts are presently at a competitive disadvantage. The legislature hereby declares that the purpose of R.S. 46:1071 through 1076 is to enhance the ability of a hospital service district to compete effectively and equally in the market for health care services. Towards this end, the provisions of R.S. 46:1071 through 1076 shall be construed liberally.
"Marketing strategies" and "strategic plans" are defined by LSA-R.S. 46:1072(3) and (4), respectively:
 (3) "Market strategies" means any plan, strategy, or device developed or intended to promote, sell, or offer to sell any hospital health service.
 (4) "Strategic plans" means any plan, strategy, or device developed or intended to construct, operate, maintain a health facility or engage in providing, promoting, or selling a hospital health service.
Therefore, should a hospital service district reasonably designate a document as part of the development of a marketing strategy or strategic plan, this determination controls. If these confidential documents are entrusted to the Bond Commission for their review and determination on pertinent loans and bond issues, the confidentiality of these documents must be maintained.
This brings us to your second question which asks how the Bond Commission may properly consider this confidential information at its meetings while maintaining its confidentiality. As you are aware, LSA-R.S. 42:4.1 et seq. mandates that every meeting of any public body shall be open to the public. LSA-R.S. 42:5.
However, LSA-R.S. 42:6 allows for the public body to call executive sessions and states:
 A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reasons for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:6.1 shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8.
LSA-R.S. 42:6.1 provides an enumerated list of reasons for which a public body may hold an executive session pursuant to LSA-R.S.42:6. While confidential documentation presented by hospital service districts is not one of the reasons explicited listed, Subsection (A)(8) allows the public body to hold an executive session for "any other matters now provided for or as may be provided for by the legislature."
The legislature has explicitly provided for the confidentiality of hospital service districts' marketing strategies and strategic plans in LSA-R.S. 46:1073 and has made its intent clear in the above cited language of LSA-R.S. 46:1071. Therefore, it is the opinion of this office that, pursuant to LSA-R.S. 42:6.1(A)(8), the discussion of information deemed confidential under LSA-R.S.46:1073 is proper grounds for the Bond Commission to hold an executive session for its consideration. Public access and disclosure of such plans or the commercially sensitive information that forms a part of those plans pursuant to the Public Records Act or open meetings laws would hinder a hospital service district's competitive position in clear contradiction to the purpose of the statutes.
However, this executive session must be limited to discussion of confidential material only. Additionally, as mandated in LSA-R.S. 42:6, "no final or binding action shall be taken during an executive session." Therefore, any binding action by vote must be taken in open session of the Bond Commission.
I trust this addresses your concerns. Please contact this office if you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:vlh
Date Received: August 12, 1996
Date Released:
CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL